

1   Leon Fauntleroy, In Pro Se
    24849 Alderberry Place
2   Hayward, California 94544
    (510) 209-6374
3

4               UNITED STATES BANKRUPTCY
                NORTHERN DISTRICT OF CALIFORNIA
5

6                                    )
                                     )
7                                    )
                                     ) Case No.:_**10-48432 EDJ 13**
8   **GMAC MORTGAGE, LLC FKA**       )
      **GMAC MORTGAGE**              )
9   **CORPORATION,**                 )   Chapter 13
10  Movant,                          )
                                     )
11        v.                         )   DEBTOR'S OPPOSITION TO
                                     )   MOVANTS MOTION FOR RELIEF
12                                   )   FROM AUTOMATIC STAY
    Leon Fauntleroy                  )
13  DEBTOR                           )
                                     )
14                                   )
                                     )
15

16        **DEBTOR'S RESPONSE IN OPPOSITION TO MOTION TO LIFT THE**

17                          **AUTOMATIC STAY**

18      Leon Fauntleroy,  (the "Debtor"), hereby responds in opposition to the Motion of movant

19      GMAC Mortgage LLC 's Motion to Lift The Automatic Stay for the purpose of proceeding

20      with the prosecution of the debtor for possession of the debtor's home and property  located

21      at 24849 Alderberry Place Hayward, California in support thereof states as follows:

22

23      TO THE HONORABLE BANKRUPTCY JUDGE: Edward D. Jellen

24      DEBTOR Leon Fauntleroy, responds to the above motion files the following answer to

25      GMAC Mortgage LLC   (hereafter "Movant") Motion To Lift Automatic Stay Against the

26      Debtor's Eviction from the subject Property or Other Acts Under 11 U.S.C. § 362(d) subject

27      to the Motion for Relief from the Automatic Stay filed in this case:

28

                                    – 1 –

        OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY

Case: 10-48432   Doc# 13   Filed: 08/20/10   Entered: 08/20/10 14:08:25   Page 1 of 9

1. Respondents admit to the contents of paragraphs 1, 2, 3 and 6.

2. Respondents deny the contents of paragraphs 4, 5, 9, 10, and 11.

Adequate Protection

Respondents would show that they have the ability to give adequate protection by making monthly payments, having the property insured, making Trustee payments and making payments on any arrearages via agreement with their true creditor.

Prayer

Debtor(s) pray that this motion be denied.

Debtor(s) pray for general relief.

## **Factual Background**

1. On July 26, 2010, the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. On that same day, the debtor filed a removal of his Unlawful Detainer case number HG 10515353 pursuant to GMAC Mortgage Corporation's violations of his 1st and 14 Amendment rights, and Movant GMAC's Mortgage misrepresentation in regards to the occurrence of a Trust Deed Sale of his home and property on the date of 4/16/2010 on the Alameda County Courthouse Steps.

2. On April 30th 2010, GMAC's Mortgage LLC ("Movant") filed their Motion seeking the entry of an order lifting the debtor's automatic stay to proceed with an California Superior Court Unlawful Detainer Trial, for the purpose of depriving the debtor of due process of law, and taking possession of the debtor's family home as if the debtor was a non-rent paying tenant.

3. On the date of 4/16/2010 the debtor appeared with an associate on the Alameda County

– 2 –

Case: 10-48432    Doc# 13    Filed: 08/20/10    Entered: 08/20/10 14:08:25    Page 2 of 9

Courthouse Steps. The debtor's associate Gus Williams , a co-parishioner and member of his church of 15 years, agreed to assist the debtor to maintain possession of his home so that the debtor and his wife and children might maintain residency in their home, by making a bid on the home at Auction.

4. The supporting Declaration of Gus Williams filed concurrently with this opposition, clearly demonstrates that Movant GMAC Mortgage LLC has misrepresented the purported 4/16/2010 occurrence of a valid Trustee Sale of Debtor Leon Fauntleroy home on the Courthouse steps, and thereby committed a wrongful act of Fraud Upon this Court.

5. Courts have enunciated a duty of the trustee in the conduct of a sale itself. A sale under a power in a mortgage or trust deed must be conducted in strict compliance with the terms of the power. The sale must be made fairly, openly, reasonably, and with due diligence and sound discretion to protect the rights of the mortgagor and others, using all reasonable efforts to secure the best possible or reasonable price. That duty may thus fairly be said to extend to all participants in the sale, including prospective bidders. (see *Block v. Tobin* (1975) 45 Cal.App.3d 214, 221 [trustee owes a duty to conduct the sale fairly and openly and to secure the best possible price for the benefit of the trustor].)

6. Debtor Len Fauntleroy herein provides evidence that Movant GMAC Mortgage LLC has wrongfully engaged in the process of conducting a misrepresented and illegal sale of the debtor's family home and property, following an unwarranted and wrongful foreclosure of the Subject Property and federal jurisdiction is appropriate by virtue of the fact that the debtor is herein providing evidence to this Court that the trustee sale itself was invalid, and the debtor is engaged in the process of retaining counsel to file adversary proceedings against Movant GMAC Mortgage LLC, to prosecute Movant for their wrongful violations of TILA and Fraud upon the court, in misrepresenting the event of the trustee sale itself, within this chapter 13 case.

OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY

Trustors, may be permitted to allege a breach of the covenant. (see *Munger v. Moore, supra*, 11 Cal.App.3d at p. 8), Under the statutory scheme for nonjudicial foreclosure, the covenant of good faith is coextensive with respondents duty to conduct the foreclosure proceedings fairly, openly and in good faith. (See, e.g., *Baron v. Colonial Mortgage Service Co.* (1980) 111 Cal.App.3d 316, 323-324

7. The debtor has rescinded GMAC Mortgage LLC recording of the purported Trust Deed Upon sale  Pursuant to State of California Civil Code 16.95.14 :

(a) "In any transaction involving residential real property

in foreclosure, as defined in Section 1695.1, which is in violation

of Section 1695.13 is voidable and the transaction may be rescinded

by the property owner within two years of the date of the recordation

of the conveyance of the residential real property in foreclosure.

(b) Such rescission shall be effected by giving written notice as

provided in Section 1691 to the equity purchaser and his successor in

interest, if the successor is not a bona fide purchaser or

encumbrancer for value as set forth in subdivision (c), and by

recording such notice with the county recorder of the county in which the property is located,

within two years of the date of the recordation of the conveyance to the equity purchaser.

9. Federal Jurisdiction is additionally appropriate to these issues because, debtor Leon Fauntleroy's is alleging creditor violations of relevant provisions of the Truth and RESPA rights and relief due to the defrauded borrowers under the Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23, and therefore has the right to rescind the above referenced illegal sale of his home and property. It is a matter of record that Movant GMAC Mortgage LLC has not, on any occasion to date, appropriately responded to debtor Leon Fauntleroy's demands for accountability as required by law under the TILA, but instead chose to illegally purport to purchase the borrower's home at a misrepresented and illegal

– 4 –

OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY

sale that never took place on the Courthouse steps as required by law.

10. A creditor seeking to modify the stay has the burden of demonstrating the existence, validity and perfection of its secured claim against the property. *See In re Pelham Enters., Inc.*, 376 B.R. at 689. Movants do not provide this Court with any factual basis establishing they have a valid and perfected security interest in the debtor's home and property. Movant does not even assert that they have a valid and perfected title or have the demonstrated to this Court that they hold a valid security interest in the operative promissory note or valid Power of Sale. In addition, there appear to be a number of suspect documents referenced in the exhibits, such as the Trustee's Deed Upon Sale, which appear valid on their face but in fact are invalid and unenforceable, As a result, the Movant fails to provide the Trustee or the Court with the facts necessary to evaluate the underlying transaction or establish that the Movant has a valid and perfected title to the subject property, and Accordingly, Movant is not entitled to relief from the stay.

11. The debtor is entitled to remove to Federal Court, within the meaning of 28 U.S.C. §1334(b) and hereby removes to this Court the State Court unlawful detainer proceeding herein identified.

28 U.S.C. §1334 confers original jurisdiction on all matters relating to any United States Bankruptcy case or proceeding as follows:

§ 1334.  Bankruptcy cases and proceedings

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the

– 5 –

Case: 10-48432   Doc# 13   Filed: 08/20/10   Entered: 08/20/10 14:08:25   Page 5 of 9

district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c) (1) Except with respect to a case under chapter 15 of title 11 [11 USCS §§ 1501 et seq.], nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(d) Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title [28 USCS § 158(d), 1291, or 1292] or by the Supreme Court of the United States under section 1254 of this title [28 USCS § 1254]. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction--

OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY

(1) of all the property, wherever located, of the debtor as of the commencement

of such case, and of property of the estate; and

(2) over all claims or causes of action that involve construction of section 327 of

title 11, United States Code [11 USCS § 327], or rules relating to disclosure

requirements under section 327 [11 USCS § 327].

Debtor Leon Fauntleroy accordingly hereby exercises his jurisdictional right

under 28 U.S.C. §§1441-1447 to remove the wrongful eviction action to the United

States Bankruptcy Court for the Northern District of California, Alameda from the

Superior Court of the State of California in Alameda County, Hayward Division.

Pursuant to 28 U.S.C. §1441, Defendant further states as follows:

a)  Debtor, Leon Fauntleroy is one of two named Defendants in the defendant in a civil

    action filed in the Superior Court for the State of California for Alameda County

    entitled GMAC MORTGAGE et al *v.* Leon Fauntleroy and Chantaine Fauntleroy, In

    California Superior Court Unlawful Detainer Case No. : **HG 10515353**.

b)  Debtor, Leon Fauntleroy has filed a Motion for Removal to Federal Court pursuant

    to his constitutional rights to due process, and equal protection.  The Fifth

    Amendment *of the United States Constitution states, "No individual shall be deprived*

    *of life, liberty, or property, without due process of law...* "According to the

    Fourteenth Amendment *of the United States Constitution,* Due Process Clause and

    Equal Protection clause (Section 1), expressly declares no state shall make or enforce

    any law which shall abridge the privileges or immunities of citizens of the United

    States; nor shall any State deprive any person of life, liberty, or property, without due

    process of law..."

c)  Debtor, Leon Fauntleroy believes alleges and maintains that

    the State Court Eviction Action deprives him of his Constitutional rights to due

    process, and that he was therein treated as if he was a non-rent paying tenant in his

    family home and principal dwelling place, and therefore filed a chapter 13 bankruptcy

–7–

OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY

as the only adequate means for Debtor, Leon Fauntleroy to protect his interest in his home, the real property in question.

## Conclusion

12. The purpose of the automatic stay in this case is to both "preserve the debtor's precious asset of home equity," and bring facts and evidence before this court demonstrating an illegal sale, and subsequent unfair leverage of the debtor's home in eviction court by an unprincipled debt collector, where the debtor's valid issues of home ownership will be considered moot, as the invalid Trustee's Deed Upon Sale is presumed to be valid by the limited jurisdiction provided in Superior State Court Evictions, and Therefore, the Movant's Motion should be denied.

WHEREFORE, Debtor Leon Fauntleroy, respectfully requests that this Court (i) deny the relief requested in the Motion and (ii) grant the Debtor such other and further relief as the Court deems just and equitable.

Respectfully Submitted and signed on, August 20, 2010

By: _Leon Fauntleroy_

Leon Fauntleroy, *pro se*

Bankruptcy Debtor

– 8 –

OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY

## CERTIFICATE OF SERVICE

I, Leon Fauntleroy hereby certify: I served the above attached process by First Class Mail, Postage Pre-paid,

IN AN ENVELOPE  ADDRESSED AS FOLLOWED:

**TYNEIA MERRITT, Esq.**
**MERRITT LAW, INC.**
**8300 UTICA AVE, SUITE 193**
**RANCHO CUCAMONGA, CA 91730**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X _Leon Fauntleroy_

Leon Fauntleroy

– 9 –

OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY