Leon Fauntleroy, In Pro Se
24849 Alderberry Place
Hayward, California 94544
(510) 209-6374



UNITED STATES BANKRUPTCY
NORTHERN DISTRICT OF CALIFORNIA

GMAC MORTGAGE, LLC FKA
GMAC MORTGAGE
CORPORATION,
Movant,

v.

Leon Fauntleroy
DEBTOR

Case No.: 10-48432 EDJ 13

Chapter 13

DEBTOR'S RESPONSE TO THE MOVANT'S REPLY AND SUPPLEMENTAL OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY and REQUEST FOR JUDICIAL NOTICE OF ADDITIONAL EVIDENCE UNDER FEDERAL CODES OF EVIDENCE 901, 902, 1002, and 803.6

**DEBTOR'S SUPPLEMENTAL OPPOSITION TO MOVANT'S MOTION TO LIFT THE AUTOMATIC STAY**

Leon Fauntleroy, (the "Debtor"), hereby provides the following supplemental brief in Opposition to the Motion of movant GMAC Mortgage LLC 's to Lift The Automatic Stay for the purpose of proceeding with the prosecution of the debtor for possession of the debtor's home and property located at 24849 Alderberry Place Hayward, California in support thereof states as follows:

TO THE HONORABLE BANKRUPTCY JUDGE: MAGISTRATE EDWARD M.CHEN

Comes now Debtor Leon Fauntleroy with recently discovered facts circumstances and documentary evidence in support of Debtor's Opposition to Plaintiff's Motion to Remand To State Court .

– 1 –

1) Debtor Leon Fauntleroy Oppose Plaintiff's Motion to remand to State Court on the basis of new facts and evidence and points of law as set forth below.

2) Debtor Leon Fauntleroy disputes every allegation in the Movant's GMAC Mortgage LLC 's reply to the debtor's Opposition to movant's Motion for Relief as false misrepresentations stated for the purpose misleading this Court.

3) Debtor Leon Fauntleroy purchased his home with his life savings of $ 16,000 of cash and was solicited an illegal subprime loan for the purpose of tricking and defrauding him.

4) Debtor Leon Fauntleroy claims the right to uninterrupted ownership possession of his home and real property.

5) Debtor Leon Fauntleroy has filed this Chapter 13, proceedings for the purpose of challenging the amount his creditor claims as his debt, and for providing a feasible plan to pay off his equitably rescinded mortgage loan debt, as determined by means of a mandatory judicial accounting.

6) The amount of debt claimed by Movant's GMAC Mortgage LLC has been fraudulently inflated, by plaintiff for the purpose of stealing Debtor Leon Fauntleroy's home and robbing him of his cash savings.

7) Reasonable evidentiary discovery by the court as to Debtor Leon Fauntleroy's expert witness testimony, witness declarations and other facts and evidence would easily demonstrate to this Court that Movant's GMAC Mortgage LLC, has mislead the Court as to their Claim of a duly perfected title.

8) Movant's GMAC Mortgage LLC has committed a wrongful act of title fraud by recording in invalid Trustee's Deed Upon Sale document at the Alameda County Recorder's office.

9) Defendants removed to Federal Court for one reason and one reason only:
[IN ALL UNLAWFUL DETAINER/FORCIBLE EVICTION CASES BROUGHT IN THE STATE OF CALIFORNIA FOLLOWING A NON-JUDICIAL FORECLOSURE]: "**it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant**

SUPPLEMENTAL OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY

Case: 10-48432   Doc# 26   Filed: 09/09/10   Entered: 09/10/10 13:10:56   Page 2 of 10

to trial in the state court." *Greenwood v. Peacock*, 384 U.S. 800, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 1957 (1966)(citing *Georgia v. Rachel; Strauder v. West Virginia, 100 U.S. 303*."

10) Debtor Leon Fauntleroy prays that this Court authorize a supplemental briefing: " where the Court will hear legal argument as to why the civil rights removal statute should granted pursuant to his violation of rights in terms of racial equity."

11) The United States Supreme Court has developed a race-based scheme for the enforcement of 28 U.S.C. §§1443 & 1447(d) which is consistent with the statutory language of 42 U.S.C. §1981, 1982.

12) Justice O'Connor, in **Richmond v. Croson**, in 1989, wrote that strict scrutiny must apply to all race-based schemes.

13) Application of "strict scrutiny" to any governmental law, program, statute, or policy means that, in order to sustain the questioned law, program, statute, or policy, the Court must find by a preponderance of the credible evidence that after careful consideration of alternatives, the law, program, statute, or policy is the least restrictive means, the most narrowly tailored discriminatory infringement upon fundamental right to "equal protection under the law", to achieve a COMPELLING GOVERNMENTAL OBJECTIVE (Compelling objective = legitimate + lots of other positive value judgments concerning the policy, program, or statutory scheme).

14) In sum, the law after **Croson** (confirmed by **Adarand v. Pena** as covering federal as well as state programs, laws, and policies) is this: all race-based schemes must be subjected to strict scrutiny, such that unless the Court can find a compelling objective and a tight means-end fit, this Court must strike down the offending law, program, statute, or policy as an unconstitutional violation of the equal protection doctrine under the Fourteenth Amendment.

15) Much less can this judicial custom, practice, or policy in the racially discriminatory application of Civil Rights Removal be deemed the "least restrictive" or "most narrowly tailored" means to achieving any legitimate governmental purpose.

16) The Civil Rights Crisis of the 1950s-1960s was not greater than the mortgage crisis facing many Black American's today. As a matter of fact, the Crisis today is MUCH WORSE---and goes to the very heart of the rights of Balck American's to enjoy life, liberty, property, and the pursuit of happiness.

– 3 –

17) If the Judiciary cannot apply to its own older doctrines those which are newer, if Judicial decisions such as *Greenwood v. Peacock*, *Rachel v. Georgia*, and *Johnson v. Mississippi* are held to be immune from strict scrutiny analysis, then there is truly no integrity to the Common Constitutional law of the land, as enunciated by the Supreme Court, whatsoever.

18) Civil Rights Removal itself, as analyzed in *Greenwood v. Peacock* and *Johnson v. Mississippi*, is legitimate and must be analyzed in relationship to the facts and statistics about the conduct of Unlawful Detainer/Forcible Eviction cases in California and generally.

19) Does the state statutory scheme, taken as a whole, allow for any defenses once the charge of Unlawful Detainer is brought against a Black American? In essence, this is one of those "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state" that the answer is NO, Defendants in California Superior Court do not have any readily available statutory defenses once the charge of Unlawful Detainer/plea for Forcible Eviction is brought: they cannot EVEN challenge the standing of a Plaintiff to bring the suit.

20) Defendant Leon Fauntleroy "does not have a Chinaman's chance", to use an archaic racially charged-metaphor.

21) This terrible metaphor reflected, and definitely indicated the existence of a custom, practice, or policy of malignant, non-benign, discrimination which had its origins in the early United States legal history of the State of California. The phrase dates to the period when Chinese laborers were brought in to the West in the late 1860s and 1870s, after the Abolition of Black Chattel Slavery in the South, when the Chinese "coolies" were treated without respect and without rights, when they had no access to the Courts, or to any form of Justice, when persons or Oriental origin were, quite frankly, uniformly treated like black defendants in Unlawful Detainer/Forcible Eviction cases in California in 2010.

22) The court must consider the constitutional nature of the defendants claims to right of to Due Process of law and his right to a fair and impartial hearing are better suited to Federal Court, than State of California superior Court where ownership and title issues are considered as a moot point and Black Homeowners are customarily and BY Statutory LAW, classified and treated as ordinary renters, contractually defaulting tenants who have failed to pay rent.

23) Additionally the Court should take under consideration that the Defendant Leon Faunleroy is not representing himself In Pro Per not by choice! But rather in desperation, due to lack of the financial wherewithal to retain counsel to protect his constitutional rights to his home and principal dwelling place and consideration of their claims of being unlawfully stripped of their home equity and also consider that that the defendant may also be a victim of an unlawful conveyance of his title who has been wrongfully and intentionally taken advantage of by the plaintiffs and their commercial lending business partners and their professional corporate attorneys.

24) The characteristic of a defrauded and economically disadvantaged State of California Black Homeowner, is one that the Court must conclude represents ; a constitutionally suspect basis upon which to impose judicially differential and biased treatment.

25) Defendant Leon Fauntleroy herein submit the question is not WHETHER Due Process of law will be denied, in his exact circumstances, circumstances, as a direct and proximate result of a pervasive state statutory scheme, but rather, Defendants contend that the FACTS WILL SHOW that ion all cases a meaningful hearing WILL BE denied, not in some but in 99.99% of these cases.

26) It is no solution to say that a writ of *scire facias* or other hopelessly obscure non-statutory defenses may be available.

27) For most Black Homeowners in foreclosure, who will appear in Pro Per, their situation is this: they are victims of predatory mortgage lending fraud and have, by the actions of their "creditors" been deprived of any and all the financial wherewithal to retain the services of an attorney.

28) The court should also take into consideration that a great number of the defendants in Unlawful Detainer/Forcible Eviction cases, ALSO sustained harm as a result of plaintiff's direct misrepresentations and wrongful acts of deceptive lending practiced by unscrupulous sub-prime commercial lenders and their banking/investment partners who now wrongfully claim the right of possession to these defendants home and principal dwelling place.

29) Defendant, Leon Faunleroy unlike Plaintiff and their counsel is not otherwise employed or paid to appear in Court, but rather his family is threatened with homelessness following an illegal foreclosure by way of a judicial process in California Superior Court which will not hear their defenses, not even allow a trial on the question of ownership or standing, because California

— 5 —

SUPPLEMENTAL OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY

Case: 10-48432    Doc# 26    Filed: 09/09/10    Entered: 09/10/10 13:10:56    Page 5 of 10

statutory schemes, create IRREBUTABLE PRESUMPTIONS, even more ironclad than the aforementioned "lack of a Chinaman's chance" and worse for an African-American.

30) Where is the Clarence Darrow or Atticus Finch needed to defend Black American Homeowners in foreclosure here and now?

31) These Defendant Leon Fauntleroy is simply lacking in full financial, mental or physical capacity to defend himself at the present time, and they ask this Court to use its broad discretion to appoint counsel for them. Counsel would be appointed for even the most minor criminal charge, and yet Forcible Eviction/Unlawful Detainer cannot be commuted to "probation" or "deferred adjudication."

32) Defendants pray for justice and equity, and for a hearing to give their evidence.

33) The Court should consider that African American In Pro Per defendant and his family, in spite of having tired every avenue and having done their due diligence have been financially unable to secure the services of an attorney to help the defendants avail themselves of their rightful legal remedies of due process of law, as guaranteed by the American Constitution, to defend themselves against suspected crimes of racial persecution, title fraud and mortgage lending abuse as evidenced below, that may have been committed by an unscrupulous corporate investor, for the purpose of stealing the defendant's rightful equity.

34) The court is under a duty to examine the Pro Se pleading to determine if the allegations provide for relief on any possible theory." *Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1334 (8th Cir. 1975), quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1971).

35) On or about August 20, 2020 as supported exhibit A, filed herewith in support of Defendants' Opposition to Plaintiff's Motion to Remand To State Court, Defendant Leon Fauntleroy was provided with a Preliminary Report and Declaration of forensic investigator and document analyst Charles J. Koppa indicating that certain documents have been recently discovered indicating that the subject property title was not duly perfected by the prior beneficiary and therefore leading the Defendants to discover and believe that the purported Trust Deed Sale of the subject property by beneficiary may be subject to judicial scrutiny as unqualified and due to suspected fraudulent activity by the prior beneficiary may be determined to be VOID .

36) On or about August 20, 2010 As supported by exhibits attached herewith in support of Defendant's Supplemental Opposition to Plaintiff's Motion to Remand To State Court, Defendant Leon Fauntleroy was provided with an the final results of a indicating that he may be victims of criminal mortgage lending fraud, as a result of an on-going research by investigator Catherine Bryan Ibarra of Kokopelli Community Workshop Fraud Research Project (hereinafter in this document referred to as, KCWFR) who actively liaisons with homeowners who are suspected of being victims of mortgage lending fraud for the purpose of reporting their findings to the National FBI Financial Institution Fraud Unit, The Federal Trade Commission, and Office of the Comptroller of the Currency. KCWFR has investigated, uncovered and reported more than 1,000 incidences of Mortgage Lending Fraud against multiple commercial lenders and investors, ranging from irregularly reported and recoded documents to violations of commercial lending law and in other cases mortgage servicing fraud violations, commercial financial abuse, unwarranted foreclosures and common violations of Trust Deed Sale Laws and Procedures.

37) Defendants Leon Fauntleroy respectfully request that the Court take under judicial consideration of the declarations filed herewith, see Exhibit A by Forensic Foreclosure Auditor and Expert Investigator, Charles J. Koppa, and deny plaintiffs Motion for Relief From Debtor's Automatic Stay for 90 days until professional mortgage fraud investigators can complete their investigation and provide expert witness testimony to this Court.

38) Defendants ask that this Court accept a further Supplement to this case AFTER October 19, 2010, to more fully address and analyze the questions presented by Bankruptcy Removal under 28 U.S.C. §§1334 and 1452, although the same basic issues of fairness and equity do apply: in that the State Courts will neither hear nor allow challenges to the legitimacy or standing of evictions or non-judicial foreclosures.

WHEREFORE, PURSUANT TO THE ABOVE FACTS AND EVIDENCE Debtor Leon Fauntleroy prays that this Court, grant an order denying Plaintiff's Motion for Relief from Automatic Stay Respectfully Submitted and signed on, 9-1, 2010

SUPPLEMENTAL OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY

| | |
|---|---|
| 1 | |
| 2 | By: _[signature]_ |
| 3 | Leon Fauntleroy, *pro se* |
| 4 | Bankruptcy Debtor |
| 5 | |

– 8 –

SUPPLEMENTAL OPPOSITION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY

Case: 10-48432    Doc# 26    Filed: 09/09/10    Entered: 09/10/10 13:10:56    Page 8 of 10

# Exhibit A:
## Forensic audit and Expert Witness Declaration of Charles J. Koppa

# CERTIFICATE OF SERVICE

I, Leon Fauntleroy hereby certify:

I served the above attached process

    by FAX and by First Class Mail, Postage Pre-paid, IN AN ENVELOPE ADDRESSED AS FOLLOWED:

**TYNEIA MERRITT, Esq.**
**MERRITT LAW, INC.**
**8300 UTICA AVE, SUITE 193**
**RANCHO CUCAMONGA, CA 91730**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X _/s/ Leon Fauntleroy_

Leon Fauntleroy