Leon Fauntleroy, In Pro Se
24849 Alderberry Place
Hayward, California 94544
(510) 209-6374

FILED

SEP 1 0 2010

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

## UNITED STATES BANKRUPTCY
## NORTHERN DISTRICT OF CALIFORNIA

GMAC MORTGAGE, LLC FKA
  GMAC MORTGAGE
CORPORATION,

Movant,

    v.

Leon Fauntleroy
DEBTOR

) 
) 
) Case No.:_10-48432 EDJ 13
) 
) 
)    Chapter 13
) 
) 
)  DEBTOR'S AMENDED RESPONSE TO THE
)  MOVANT'S REPLY AND SUPPLEMENTAL
)  OPPOSITION TO MOVANTS MOTION FOR
)  RELIEF
)  FROM AUTOMATIC STAY and REQUEST
)  FOR JUDICIAL NOTICE OF ADDITIONAL
)  EVIDENCE UNDER FEDERAL CODES OF
)  EVIDENCE 901, 902, 1002, and 803.6

## DEBTOR'S SUPPLEMENTAL OPPOSITION TO MOVANT'S MOTION TO
## LIFT THE AUTOMATIC STAY

Leon Fauntleroy, (the "Debtor"), hereby provides the following supplemental brief in
Opposition to the Motion of movant GMAC Mortgage LLC 's to Lift The Automatic Stay
for the purpose of proceeding with the prosecution of the debtor for possession of the
debtor's home and property located at 24849 Alderberry Place Hayward, California in
support thereof states as follows:

TO THE HONORABLE BANKRUPTCY JUDGE: MAGISTRATE EDWARD M.CHEN

    Comes now Debtor Leon Fauntleroy with recently discovered facts circumstances and
documentary evidence in support of Debtor's Opposition to Plaintiff's Motion for Relief
from Automatic Stay Court .

– 1 –

1

2        Debtor Leon Fauntleroy Oppose Plaintiff's Motion Plaintiff's Motion for Relief from

3 Automatic Stay Court :

4  1) On the basis of new facts and evidence and points of law as set forth below.

5  2) Debtor Leon Fauntleroy disputes every allegation in the Movant's GMAC Mortgage

6       LLC 's reply to the debtor's Opposition to movant's Motion for Relief as false

7       misrepresentations stated for the purpose misleading this Court.

8  3) Debtor Leon Fauntleroy purchased his home with his life savings of $ 16,000 of cash

9       and was solicited an illegal subprime loan for the purpose of tricking and defrauding

10      him.

11  4) Debtor Leon Fauntleroy claims he still has substantial equity in and the right to

12      uninterrupted ownership possession of his home and real property.

13  5) Debtor Leon Fauntleroy has filed this Chapter 13, proceedings for the purpose of

14      challenging the inflated amount his creditor claims as his mortgage debt, and for

15      purpose of providing a feasible plan to pay off his equitably rescinded mortgage loan

16      debt, as determined by means of a mandatory judicial accounting.

17  6) The amount of debt claimed by Movant's GMAC Mortgage LLC has been fraudulently

18      inflated, by plaintiff for the purpose of stealing Debtor Leon Fauntleroy's home and

19      robbing him of his cash savings.

20  7) Reasonable evidentiary discovery by the court as to Debtor Leon Fauntleroy's expert

21      witness testimony, witness declarations and other facts and evidence would easily

22      demonstrate to this Court that Movant's GMAC Mortgage LLC, has mislead the Court

23      as to their Claim of a duly perfected title.

24  8) Movant's GMAC Mortgage LLC has committed a wrongful act of title fraud by

25      recording in invalid Trustee's Deed Upon Sale document at the Alameda County

26      Recorder's office.

27  9) Defendants removed to Federal Court for one reason and one reason only:

28

–2–

[IN ALL UNLAWFUL DETAINER/FORCIBLE EVICTION CASES BROUGHT IN THE STATE OF CALIFORNIA FOLLOWING A NON-JUDICIAL FORECLOSURE]: "**it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.**" *Greenwood v. Peacock*, 384 U.S. 800, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 1957 (1966)(citing *Georgia* v. *Rachel; Strauder v. West Virginia, 100 U.S. 303*."

10) Debtor Leon Fauntleroy prays that this Court additionally authorize a supplemental briefing: "where the Court will hear legal argument as to why the civil rights removal statute should granted pursuant to his violation of rights in terms of racial equity."

11) The United States Supreme Court has developed a race-based scheme for the enforcement of 28 U.S.C. §§1443 & 1447(d) which is consistent with the statutory language of 42 U.S.C. §1981, 1982.

12) Justice O'Connor, in ***Richmond v. Croson***, in 1989, wrote that strict scrutiny must apply to all race-based schemes.

13) Application of "strict scrutiny" to any governmental law, program, statute, or policy means that, in order to sustain the questioned law, program, statute, or policy, the Court must find by a preponderance of the credible evidence that after careful consideration of alternatives, the law, program, statute, or policy is the least restrictive means, the most narrowly tailored discriminatory infringement upon fundamental right to "equal protection under the law", to achieve a COMPELLING GOVERNMENTAL OBJECTIVE (Compelling objective = legitimate + lots of other positive value judgments concerning the policy, program, or statutory scheme).

14) In sum, the law after ***Croson*** (confirmed by ***Adarand v. Pena*** as covering federal as well as state programs, laws, and policies) is this: all race-based schemes must be subjected to strict scrutiny, such that unless the Court can find a compelling objective and a tight means-end fit, this Court must strike down the offending law, program, statute, or policy as an unconstitutional violation of the equal protection doctrine under the Fourteenth Amendment.

– 3 –

15) Much less can a judicial custom, practice, or policy in the racially discriminatory application of Civil Rights Removal be deemed the "least restrictive" or "most narrowly tailored" means to achieving any legitimate governmental purpose.

16) The Civil Rights Crisis of the 1950s-1960s was not greater than the mortgage crisis facing many Black American's today. As a matter of fact, the Crisis today is MUCH WORSE---and goes to the very heart of the rights of Black American's to enjoy life, liberty, property, and the pursuit of happiness.

17) If the Judiciary cannot apply to its own older doctrines those which are newer, if Judicial decisions such as *Greenwood v. Peacock*, *Rachel v. Georgia*, and *Johnson v. Mississippi* are held to be immune from strict scrutiny analysis, then there is truly no integrity to the Common Constitutional law of the land, as enunciated by the Supreme Court, whatsoever.

18) Civil Rights Removal itself, as analyzed in *Greenwood v. Peacock* and *Johnson v. Mississippi*, is legitimate and must be analyzed in relationship to the facts and statistics about the conduct of Unlawful Detainer/Forcible Eviction cases in California and generally.

19) Does the state statutory scheme, taken as a whole, allow for any defenses once the charge of Unlawful Detainer is brought against a Black American? In essence, this is one of those "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state " that the answer is NO, Defendants in California Superior Court do not have any readily available statutory defenses once the charge of Unlawful Detainer/plea for Forcible Eviction is brought: they cannot EVEN challenge the standing of a Plaintiff to bring the suit.

20) Afro-American Defendant, Leon Fauntleroy "does not have a Chinaman's chance", to win in a state court eviction, to use an archaic racially charged-metaphor.

21) This terrible metaphor reflected, and definitely indicated the existence of a custom, practice, or policy of malignant, non-benign, discrimination which had its origins in the early United States legal history of the State of California. The phrase dates to the period

– 4 –

when Chinese laborers were brought in to the West in the late 1860s and 1870s, after the Abolition of Black Chattel Slavery in the South, when the Chinese "coolies" were treated without respect and without rights, when they had no access to the Courts, or to any form of Justice, when persons or Oriental origin were, quite frankly, uniformly treated like black defendants in Unlawful Detainer/Forcible Eviction cases in California in 2010.

22) The court must consider the constitutional nature of the defendants claims to right of to Due Process of law and his right to a fair and impartial hearing are better suited to Federal Court, than State of California superior Court where ownership and title issues are considered as a moot point and Black Homeowners are customarily and BY Statutory LAW, classified and treated as ordinary renters, contractually defaulting tenants who have failed to pay rent.

23) Additionally the Court should take under consideration that the Defendant Leon Faunleroy is not representing himself In Pro Per not by choice! But rather in desperation, due to lack of the financial wherewithal to retain counsel to protect his constitutional rights to his home and principal dwelling place and consideration of their claims of being unlawfully stripped of their home equity and also consider that that the defendant may also be a victim of an unlawful conveyance of his title who has been wrongfully and intentionally taken advantage of by the plaintiffs and their commercial lending business partners and their professional corporate attorneys.

24) The characteristic of a defrauded and economically disadvantaged State of California Black Homeowner, is one that the Court must conclude represents ; a constitutionally suspect basis upon which to impose judicially differential and biased treatment.

25) Defendant Leon Fauntleroy herein submit the question is not WHETHER Due Process of law will be denied, in his exact circumstances, circumstances, as a direct and proximate result of a pervasive state statutory scheme, but rather, Defendants contend that the FACTS WILL SHOW that in all cases a meaningful hearing WILL BE denied, not in some but in 99.99% of these cases.

– 5 –

26) It is no solution to say that a writ of *scire facias* or other hopelessly obscure non-statutory defenses may be available.

27) For most Black Homeowners in foreclosure, who will appear in Pro Per, their situation is this: they are victims of predatory mortgage lending fraud and have, by the actions of their "creditors" been deprived of any and all the financial wherewithal to retain the services of an attorney.

28) The court should also take into consideration that a great number of the defendants in Unlawful Detainer/Forcible Eviction cases, ALSO sustained harm as a result of plaintiff's direct misrepresentations and wrongful acts of deceptive lending practiced by unscrupulous sub-prime commercial lenders and their banking/investment partners who now wrongfully claim the right of possession to these defendants home and principal dwelling place.

29) Defendant, Leon Fauntleroy unlike Plaintiff and their counsel is not otherwise employed or paid to appear in Court, but rather his family is threatened with homelessness following an illegal foreclosure by way of a judicial process in California Superior Court which will not hear their defenses, not even allow a trial on the question of ownership or standing, because California statutory schemes, create IRREBUTABLE PRESUMPTIONS, even more ironclad than the aforementioned "lack of a Chinaman's chance" and worse for an African-American.

30) Where is the Clarence Darrow or Atticus Finch needed to defend Black American Homeowners in foreclosure here and now?

31) These Defendant Leon Fauntleroy is simply lacking in full financial, mental or physical capacity to defend himself at the present time, and they ask this Court to use its broad discretion to appoint counsel for them. Counsel would be appointed for even the most minor criminal charge, and yet Forcible Eviction/Unlawful Detainer cannot be commuted to "probation" or "deferred adjudication."

32) Defendants pray for justice and equity, and for a hearing to give their evidence.

– 6 –

33) The Court should consider that African American  In Pro Per  defendant and his family, in spite of having tired every avenue and having  done their due diligence have been financially unable to secure the services of an attorney to help the defendants avail themselves of their rightful legal remedies of due process of law, as guaranteed by the American Constitution, to defend themselves against suspected crimes of racial persecution, title fraud and mortgage lending abuse as evidenced below, that may have been committed by an unscrupulous corporate investor, for the purpose of stealing the defendant's rightful equity.

34) The court is under a duty to examine the Pro Se pleading to determine if the allegations provide for relief on any possible theory." *Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1334 (8th Cir. 1975), quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1971).

35) On or about August 20, 2010 as supported exhibit A, filed  herewith in support of Defendants' Opposition to Plaintiff's Motion  to Remand To State Court, Defendant Leon Fauntleroy was provided with a Preliminary Report and Declaration of forensic investigator and document analyst  Charles J. Koppa indicating that certain documents have been recently discovered indicating that the subject property title was not duly perfected by the prior beneficiary and  therefore leading the Defendants to  discover and believe  that the purported Trust Deed Sale  of the subject property by beneficiary may be subject to judicial scrutiny as unqualified and due to suspected  fraudulent activity by the prior beneficiary may be determined to be VOID .

36)      On or about August 20, 2010 As supported by exhibits attached  herewith  in support of Defendant's Supplemental  Opposition to Plaintiff's  Motion  to Remand To State Court, Defendant Leon Fauntleroy was provided with an the final results of a  indicating that he may be victims of  criminal mortgage lending fraud,  as a result of  an on-going research by  investigator  Catherine Bryan Ibarra  of  Kokopelli Community Workshop Fraud Research Project (hereinafter in this document referred to as, KCWFR)  who actively liaisons with  homeowners who are suspected of being  victims of mortgage lending fraud for the purpose of reporting their findings to the  National FBI Financial

– 7 –

Institution Fraud Unit, The Federal Trade Commission, and Office of the Comptroller of the Currency. KCWFR has investigated, uncovered and reported more than 1,000 incidences of Mortgage Lending Fraud against multiple commercial lenders and investors, ranging from irregularly reported and recoded documents to violations of commercial lending law and in other cases mortgage servicing fraud violations, commercial financial abuse, unwarranted foreclosures and common violations of Trust Deed Sale Laws and Procedures.

37) Defendants Leon Fauntleroy respectfully request that the Court take under judicial consideration of the declarations filed herewith, see Exhibit A by Forensic Foreclosure Auditor and Expert Investigator, Charles J. Koppa, and deny plaintiffs Motion for Relief From Debtor's Automatic Stay for 90 days until professional mortgage fraud investigators can complete their investigation and provide expert witness testimony to this Court.

38) Defendants ask that this Court accept a further Supplement to this case AFTER October 19, 2010, to more fully address and analyze the questions presented by Bankruptcy Removal under 28 U.S.C. §§1334 and 1452, although the same basic issues of fairness and equity do apply: in that the State Courts will neither hear nor allow challenges to the legitimacy or standing of evictions or non-judicial foreclosures.

WHEREFORE, PURSUANT TO THE ABOVE FACTS AND EVIDENCE Debtor Leon Fauntleroy prays that this Court, grant an order denying Plaintiff's Motion for Relief from Automatic Stay Respectfully Submitted and signed on, 9-10 , 2010

By: _Leon Fauntleroy_

Leon Fauntleroy, *pro se*

Bankruptcy Debtor

– 8 –

# Exhibit A:

**Forensic audit and Expert Witness Declaration of Charles J. Koppa**

# GENERAL DISCLAIMER

The information presented in **HERSid Reports and Services** are provided "as-is", "where found', and "when available" in public records and a variety of on-line third party resources where content is subject to change without notice. All information is delivered without warranty of any kind, either express or implied, including, but not limited to, warranties of accuracy, fitness for a particular purpose, usage or merchantability, or freedom from infringement of patent, trademark or copyright.

Our researchers are in the information mining business related to a specific assessor's parcel number. "Findings" are delivered as purchased or authorized by owner, client, attorney, and/or assignees. The producers have NO responsibility after delivery of "best effort results" in a timely manner.

Researcher annotations, comments, markings, notes or pointers added on the underlying documents are neither instructive nor directive. The authors are offering neither legal advice nor endorsing any products, systems, services or support that may be available to recipients of any information herewith or identified within a foreclosure analysis resources support system deemed proprietary to the affiliated businesses, members and partners of **HERSid BRANDS**.

UCC 1-207: The providers of **HERSid Reports and Services** are not attorneys, nor authorized to give legal advice in any way, shape, or form intended or not. Authors find and provide information as a result of direct experience and knowledge from personal and professional experience, on specific Mortgage and Foreclosure related topics. If you are facing foreclosure, it is strongly advised that you take all evidence you can gather on the subject and seek legal counsel regarding the totality of information available. In many cases, a licensed attorney may recommend a Law Suit be filed in order to acquire unavailable information. Creators of this service, their successors and assignees, shall not be liable for any incidental or consequential damages for injuries or subsequent actions arising out of the use of information presented in this Report. **We do not offer legal advice.** If you have questions concerning legal effect legal sufficiency, insurance, or tax consequences regarding this Report or any further usage, you must consult with an accountant, attorney, insurance agent, Realtor, tax or other appropriate professional.

Determinations of subsequent activities, if any, that might use Financial Autopsy Reports, should be made by knowledgeable parties representing the Judicial, Regulatory and/or Title Services professions. Upon written request, **HERSid BRANDS** will provide formal quotations to offer Expert Witness Services, Legal Declarations and/or Written Legal Opinions related to various Reports.

Three copies of each **HERSid Reports** are included in the Quoted COD price.

Additional Copies-On-Demand are available at $49 each, including UPS shipping/handling.

**Orders and Service: 760-787-9966   Fax 760-787-9988**

CLIENT: _Leon Fauntleroy_ _____ RESEARCHER: _____

ATTORNEY: _____ OTHER: _Charles J Koppa_____

**PROPRIETARY INFORMATION NOTICE:** This Report was prepared for the sole use of the intended recipient(s). It may contain confidential and privileged information. Unauthorized review, use, disclosure or distribution is prohibited.

## Declaration of Charles Koppa

I, Charles Koppa, declare as follows:

1. I have been a resident of California for more than 25 years. I am a forensic title auditor. My credentials are attached hereto as Exhibit 2, which also contains supporting tax, title and comparative property documents.

2. I conducted a homeowner's examination of recordations from Alameda County public records for the property owned by Leon & Chantaine Fauntleroy. I file this declaration in support of clients desire to rescind the foreclosure and return title to the property.

3. **My audit found no evidence of assignment of Deed of Trust, Promissory note or evidence of ownership or standing by parties filing the Notice of Default and conducting a foreclosure sale on 4/15/2010 at a price of $301,050.**

4. My audit revealed that client never entered into any contractual agreement or signed any note with parties identified in recorded records (attached) other than their original Deed of Trust, dated 10/25/05, **at $471,000 naming GMAC Mortgage Corporation as "lender".**

5. My audit revealed that clients never entered into any agreement with any other parties beyond the original Trust Deed. I have informed the clients of my findings that there are no perfected assignments of a Deed of Trust, Note or Loan Agreement with a new owner or its predecessors in this matter. The only party with standing is the recorded holder in due course, GMAC Mortgage Corporation.

Declarant respectfully requests that the client and Court review and consider the attached documentary evidence that the foreclosure proceedings represent fraud ab initio, that successors have no standing, and that a misrepresentation of chain of title exists, that predatory lending occurred between several entities, predatory devaluation of the property occurred at a purported trustee auction and that recovery of the property must be corrected in a court of unlimited jurisdiction.

I declare under of perjury that the foregoing facts are true and correct.

_Charles J Koppa_          8/20/2010

Charles J. Koppa                    Date

## Exhibit 1 – <u>Broken Chain of Title, Fraud in Recorded Documents</u>

By Charles J. Koppa, Expert Witness, Title and Financial Research

1. DOC 2005458279 – **10/25/05 Grant Deed** was recorded by Leroy & Chantaine Fauntleroy for stewardship for the next 30 years at 24849 Alderberry Pl #9, Hayward, CA 94544-1679.

2. DOC 2005458280 – **10/25/05 Deed of Trust** with GMAC Mortgage Corp. Borrowers appointed **Executive Services, Inc.** as Fiduciary Trustee to a Fannie Mae/Freddie Mac uniform security instrument drafted by GMACM. Their purchase loan (588761601) of $471,000 represented approximately 90% of fair market value. Adjustable rate rider and condominium rider were included.

3. DOC 2005458281 – **10/25/05 Deed of Trust** with GMAC Mortgage Corporation Home Equity Funding for "up to $119,000, with 100% CLTV Credit Only Piggyback ".

4. DOC 2005462323 – **10/26/05 Deed of Trust Equity Line of Credit** created by Washington Mutual Bank and seller, Cedrick McMillian for $57,000. (**Maximum value of 3 encumbrances equals $647,000 against a purchase price of $590,000 vs. attached market comps at $540,000 suggests predatory lending of $107,000.**)

5. DOC 2005521983 – **12/7/05 Substitution of Trustee** Washington Mutual Bank, Beneficiary, substitutes California Reconveyance as Trustee. (**Signature for Washington Bank by W.L. Saludo, Assistant Secretary in Harris, TX.**)

6. DOC 2005521984 – **12/7/05 Full Reconveyance** California Reconveyance Company to Cedrick McMillian as trustor for DOC 2005462323 in #4 above. (**Signature for California Reconveyance Company as Trustee by W.L. Saludo, Assistant Secretary in Harris, TX. - Same as #3!!**)

7. DOC 2005550773 – **12/29/05 Deed of Trust** with Bank of America, N.A. with PRLAP, Inc. as trustee for the amount $150,000 as Equity Maximizer Account (**potential additional predatory lending!**)

8. DOC 2005553246 – **12/30/05 Substitution of Trustee** GMAC Mortgage Corporation replaces Mortgage Electronic Registration Systems with Executive Trustee Services, Inc. as Trustee. Document is signed by Janice Burt, Assistant Secretary for MERS in Black Hawk, Iowa

9. DOC 2005553247 – **12/30/05 Full Reconveyance** GMAC Mortgage Corp. identifies MERS #10069782500206619 in replacing instrument #2005458281 by Executive Trustee Services, Inc. as Trustee. Signed by Mary Ann Hilmer, Assistant Secretary in Black Hawk, Iowa. (**Notary on item #7 and #8 is M. Clark in Iowa.**)

10. DOC 2008166542 – **5/22/08 Notice of Default** TS #GM-143249-2 identifies Mortgage Electronic Registration, Inc. as servicer filed by Executive Trustee Services, LLC dba ETS Services, LLC as "agent" for beneficiary, by Annabel Madros, Trustee Sales Officer.

11. DOC 2009023176 – **1/23/09 Notice of Delinquent Assessment** by Orchard Walk Corporation.

12. DOC 2009070172 – **3/10/09 Notice of Default** by Homeowners Association Lien by Orchard Walk Corporation signed by Angius & Terry Collections, LLC, as Trustee.

**13.** DOC 2010073787 -- **3/22/10 Notice of Trustee Sale** filed by ETS Services, LLC regarding TS #GM-143249-C, Loan #0588761601 for $566,916 signed by Ellena Peterson, Trustee Sales Officer, obo beneficiary: GMAC Mortgage, LLC, signed by Jeffrey Stephan, Limited Signing Officer.

**14.** DOC 2010112097 -- **4/23/10 Trustees Deed Upon Sale** identifies "sale at auction" at $301,050 sale price to Grantee GMAC Mortgage, LLC FKA GMAC Mortgage Corporation as "highest bidder" at public auction 4/16/10. **(GMAC cannot be a bona fide purchaser since it established the Minimum Bid Price to benefit itself as Beneficiary! Documentary transfer tax was not paid on the transaction.)**

In our opinion, GMAC Mortgage Corp., WAMU, Bank of America, MERS, ETS and parties identified in 2-14 above participated in Predatory Lending Practices and have created a significantly broken chain of title. I have advised Leon and Chantaine Fauntleroy to seek Counsel to initiate Quiet Title Action for untitled transfer on their unlawfully foreclosed mortgage note and for recovery due to predatory Lending followed by predatory devaluation of their property by entities that failed to "stand in the shoes" of Executive Trustee Services, Inc. original fiduciary Trustee in #2 above.

_Charles J Koppa_                    _8/20/2010_

Charles J. Koppa                         Date



RECORDING REQUESTED BY

Commonwealth Land Title Company

AND WHEN RECORDED MAIL TO

Leroy Fauntleroy
24849 Alderberry Place #9
Hayward, CA  94549

APN: 444-0036-093

Order No. 55130900-JS5

2005458279

10/25/2005 08:30 AM

OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:        10.00
COUNTY TAX:          649.00
CITY TAX:           2655.00

2    PGS
PCOR 20.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

The Undersigned Grantor(s) Declare(s)
☑ City of Hayward **$2,655.00**

Documentary Transfer Tax is $649.00

☑ computed on full value of interest or property conveyed, or
☐ full value less value of liens or encumbrances remaining at the time of sale

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Cedrick McMillian, a married man, as his sole and separate property

hereby GRANT(s) to

Leroy Fauntleroy and Chantame Fauntleroy, husband and wife, as community property

the following real property in the ☑ city of Hayward   County of Alameda, State of California.
**See Exhibit A attached hereto and made a part hereof.**

Dated  September 26, 2005

_____
Cedrick McMillian

STATE OF CALIFORNIA
COUNTY OF San Mateo                   } SS:

On September 27, 2005 before me Marion Epperson
a Notary Public in and for said County and State, personally
appeared Cedrick McMillian

Personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

MARION EPPERSON
Comm. #1353239
NOTARY PUBLIC-CALIFORNIA
San Mateo County
My Comm. Expires May 13, 2006

FOR NOTARY SEAL OR STAMP

MAIL TAX STATEMENTS TO PARTY SHOWN ON THE FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE

Name                    Street Address                    City & State

Grantdee

Case: 10-48432    Doc# 28    Filed: 09/10/10    Entered: 09/13/10 13:19:11    Page 14 of 30

Non-Order Search  Doc: CAALAM:2005 00458279                    Public Record

## Exhibit A

All that certain real property situate in the County of Alameda, State of California, described as follows:

(City of Hayward)

PARCEL 1. An Undivided Interest in The Common Area:

A one-nineteenth (1/19) undivided fractional fee interest in and to all of the property located in the City of Hayward, County of Alameda, State of California, described as Module B of that certain Condominium Plan recorded on December 10, 2002 as Instrument No. 2002575158, in the Official Records of Alameda County, California ("Condominium Plan").

PARCEL 2. The Condominium Unit:

Unit 9, of a portion of Lot 1 of Tract 7306, as shown on a Map recorded in Book 265, Pages 42 to 48, inclusive, of Maps, Records of Alameda County, California, which is depicted and described as Module "A" on the Condominium Plan and as defined in the "Declaration of Covenants, Conditions and Restrictions, and Reservation of Easements for Orchard Walk" recorded on December 10, 2002, as Instrument No. 2002575158, together with any amendments, modification, or re-recordations thereto, as may occur from time to time, in the Official Records of Alameda County, California (collectively referred to as the "Declaration").

EXCEPTING THEREFROM UNTO THE GRANTOR:

All remaining oil, oil rights, minerals, mineral rights, natural gas rights and other hydrocarbons by whatsoever name known, geothermal steam and all products derived from any of the foregoing, that may be within or under the parcel of property hereinabove described, together with the perpetual right of drilling, mining, exploring and operating therefore and storing in and removing the same from said property or any other property, including the right to whipstock or directionally drill and mine from properties other than those hereinabove described oil or gas wells, tunnels and shafts into, through or across the subsurface of the property hereinabove described, and to bottom such whipstocked or directionally drilled wells, tunnels and shafts under and beneath or beyond the exterior limits thereof, and to redrill, retunnel, equip, maintain, repair, deepen and operate any such wells or mines without, however, the right to drill, mine, store, explore or operate through the surface or the upper 500 feet of the subsurface of the property hereinabove described, as reserved in the Deed recorded March 25, 2003, Series No. 03-166534, Official Records.

PARCEL 3. Nonexclusive Easements Over Corporation Property:

A nonexclusive easement appurtenant to the afore-described Condominium Unit for ingress, egress, use, maintenance repair, drainage, encroachment and enjoyment and other purposes in, over, under, across and through all portions of the Corporation Property in the Project, except therefrom those portions described therein and shown in the Condominium Plan as Exclusive Use Common Area, if any, or which represent front yard maintenance and irrigation easements located within other condominiums not owned by Grantee.

Order: Non-Order Search  Doc: CAALAM:2005 00458279          Page 28 of 32          Created By: genniea   Printed: 8/21/2010 7:34:57 AM PST



55130702
CMC
mil



2005458280  10/25/2005 08:30 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK C'CONNELL
RECORDING FEE  93.00

29  PGS

Recording Requested by:
Commonwealth Land Title Co.

After Recording Return To:

GMAC Mortgage Corp.
100 Witmer Road
Horsham, PA 19044-0963
ATTN: Records Management

———— [Space Above This Line For Recording Data] ————

Loan No. 588761601
MIN 1000375-0588761601-2

## DEED OF TRUST

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "**Security Instrument**" means this document, which is dated October 18, 2005, together with all Riders to this document.

(B) "**Borrower**" is
Leon Fauntleroy, Jr. and Chantaine Fauntleroy, husband and wife.

Borrower is the trustor under this Security Instrument.

(C) "**Lender**" is
GMAC Mortgage Corporation.

Lender is a Corporation                    organized and existing under the
laws of Pennsylvania.                      Lender's address is
100 Witmer Road, P.O. Box 963, Horsham, PA 19044

CALIFORNIA – Single Family – Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT Form 3005 1/01
(Page 1 of 19)           Initials: _____  D07
GMACM – CMS.0003.CA (0001)

CF

(D)     "Trustee" is
Executive Trustee Services, Inc.

(E)     "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F)     "Note" means the promissory note signed by Borrower and dated   October 18,
2005          . The Note states that Borrower owes Lender
Four Hundred Seventy One Thousand and 00/100

Dollars (U.S. $  471,000.00        ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
November 1, 2035

(G)     "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H)     "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I)     "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [XX] Adjustable Rate Rider | [XX] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Biweekly Payment Rider | [ ] 1-4 Family Rider |
| [ ] Other(s) [specify] | [ ] Planned Unit Development Rider | |

(J)     "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K)     "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L)     "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M)     "Escrow Items" means those items that are described in Section 3.

(N)     "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

CALIFORNIA--Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3005 1/01
GMACM - CMS.0903.CA (0001) (Page 2 of 1)t                Initials:

(O)    "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P)    "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q)    "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R)    "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County

                          [Type of Recording Jurisdiction]

of  Alameda

                          [Name of Recording Jurisdiction]

See Exhibit "A" attached hereto and made a part thereof

which currently has the address of
24849 Alderberry Place,

                          [Street]

Hayward              , California  94544                   ("Property Address"):

         [City]                          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

CALIFORNIA-- Single Family-- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3005 1/01
GMACM - CMS.0003.CA (0091) (Page 3 of 19)          Initials: ____

Order: Non-Order Search  Doc: CAALAM:2005 00458280          Page 36 of          Created By: genniea  Printed: 8/21/2010 7:37:37 AM PST
Public Record



55130900
C.A.C.
mill



2005458281  10/25/2005 08:30 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:          61.00

16  PGS

(3)

Account No. 0206615
Branch No.: 305
Loan Product: 100% CLTV Credit Only Piggyback

MIN 1000697-8250020661-9

WHEN RECORDED MAIL TO:
GMAC Mortgage Corporation
Home Equity Funding
4 Walnut Grove Drive
Horsham, PA 19044-0963



# DEED OF TRUST AND ASSIGNMENT OF RENTS

**THIS DEED OF TRUST AND ASSIGNMENT OF RENTS**, as amended and extended (this *"Deed of Trust"*), is signed to secure advances under a GMAC Home Equity Line of Credit Agreement, as amended or extended (the *"Agreement"*); it is dated as of October 18, 2005, and is an agreement among Leon Fauntleroy, Jr. and Chantaine Fauntleroy, husband and wife who reside(s) at 24849 Alderberry Place , Hayward, California 94544 as the grantor(s); and Executive Trustee Services, Inc. as the trustee; and GMAC Mortgage Corporation, a Pennsylvania Corporation, 100 Witmer Road, Horsham, PA 19044-0963 (herein "GMAC") and the Mortgage Electronic Registration Systems, Inc., P.O. Box 2026, Flint, MI 48501-2026 ("MERS") also as beneficiary acting solely as a nominee for GMAC and GMAC's successors and assigns under this Deed of Trust.

Throughout this Deed of Trust, "we", "us" and "our" refer to grantor(s). "GMAC" refers to GMAC Mortgage Corporation or its assigns. The "Account" refers to the Home Equity line of credit account established by GMAC under the Agreement. "Trustee" refers to the trustee identified above, or any substitute trustee. "Borrower" refers to each person who signs the Agreement as borrower. The Agreement and this Deed of Trust, taken together, are called the "Credit Documents". "Signer" refers to any person (other than GMAC) who has signed a Credit Document.

## DESCRIPTION OF SECURITY

By signing this Deed of Trust, we irrevocably grant, bargain, sell and convey to Trustee, in trust, with power of sale, (a) the real estate located at 24849 Alderberry Place , Hayward, California 94544 County of Alameda, State of California, more fully described in Schedule A; (b) all buildings and other structures on the property; (c) all rights we may have in any road, alley, easement or license regarding the property or in any mineral, oil, gas or water which is part of the property; (d) all rents and royalties from the property; (e) all proceeds of any insurance on the property and all refunds of premiums on such insurance; (f) all proceeds of any taking (or threatened taking) of the property by any governmental authority (*"condemnation"*); and (g) all fixtures on the property at any time (*collectively, the "Property"*).

GMAC-CA

The Property includes all rights and interests which we now have or which we may acquire in the future. For example, if the security mortgaged under this Deed of Trust is a leasehold estate and we subsequently acquire fee title to the Property, the rights and interests granted to MERS acting solely as a nominee for GMAC by this Deed of Trust will include the fee title that we acquire. This Deed of Trust is also a Security Agreement under the California Uniform Commercial Code and we hereby grant MERS acting solely as a nominee for GMAC a security interest in the personal property described in (d) through (g) above. This Deed of Trust also constitutes a financing statement filed as a fixture filing in the official records of the county recorder of the county where the Property is located, with respect to any and all fixtures included within the term "Property" and with respect to any goods or other personal property that may now or hereafter become part of such fixtures.

## SECURED OBLIGATIONS

We have signed this Deed of Trust to secure payment to GMAC by Borrower of up to $119,000.00, plus FINANCE CHARGES and any other amounts due GMAC under the Agreement *(the "Total Balance Outstanding"),* and to secure performance by Borrower under the Agreement and our performance of the covenants of this Deed of Trust *(collectively, the "Secured Obligations").*

## PRIORITY OF ADVANCES

The lien of this Deed of Trust will attach on the date this Deed of Trust is recorded. The indebtedness evidenced by the Credit Documents is a revolving indebtedness. The Credit Documents provide that amounts may be advanced, repaid and readvanced from time to time in accordance with the terms and provisions of the Agreement. Accordingly, the aggregate advances during the term of the Credit Documents may exceed the Credit Limit. However, the Total Balance Outstanding less FINANCE CHARGES at any time *(the "Earning Balance Outstanding")* shall never exceed the Credit Limit, except for advances made to protect the lien of this Deed of Trust. We agree that the lien and security title of this Deed of Trust shall not be deemed released or extinguished by operation of law or implied intent of the parties if the Total Balance Outstanding is zero as of the date of this Deed of Trust or is from time to time reduced to zero by payments made to GMAC.

## REPRESENTATIONS AND DUTIES

We promise that, except for Permitted Liens: (a) we own the Property; (b) we have the right to grant and convey the Property to Trustee; and (c) there are no outstanding claims or charges against the Property. The term "Permitted Lien" means (x) any mortgage, deed to secure debt or deed of trust *("security instrument")* disclosed to GMAC by any Signer in applying for the Account, to the extent that the amount secured by such security instrument does not exceed the amount disclosed on such application; and (y) any liens, claims and restrictions of record that do not individually or collectively have a material adverse impact upon GMAC's security, the value of the Property or the Property's current use.

Each of us gives a general warranty of title to GMAC. This means that each of us will be fully responsible for any losses which GMAC suffers because anyone but us has rights in the Property other than Permitted Liens. We promise that we will defend our ownership of the Property against any claims of such right.

2

Case: 10-48432    Doc# 28    Filed: 09/10/10    Entered: 09/13/10 13:19:11    Page 20 of
30

Order: Non-Order Search  Doc: CAALAM:2005 00458281          Public Record          Created By: genniea  Printed: 8/21/2010 7:39:08 AM PST



2005462323   10/26/2005 02:27 PM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:        42.00

12  PGS

Recording requested by and
when recorded return to:
2150 Cabot Blvd. West
Langhorne, PA 19047
Attn: Group 9, Inc.

**Washington Mutual**

**EQUITY LINE OF CREDIT DEED OF TRUST**

Loan Number: 0664780152

THIS DEED OF TRUST is between:
CEDRICK MCMILLIAN

whose address is:

24849 Alderberry Hayward, CA 94544

("Trustor");                    Group 9, Inc.                , a      PENNSYLVANIA
corporation, the address of which is:

2150 Cabot Blvd. West Langhorne, PA 19047

and     its     successors     in     trust     and     assigns     ("Trustee");     and
Washington Mutual Bank, FA, a federal association, which is organized and existing under the
laws of the United States of America, and whose address is 400 E. Main Street, Stockton, CA
95290 ("Beneficiary") and its successors or assigns.

1.    **Granting Clause.**  Trustor hereby grants, bargains, sells and conveys to Trustee in
trust, with power of sale, the real property in _____ALAMEDA_____ County, California,
described below and all interest in it Trustor ever gets:

Shown on Exhibit "A" attached hereto and made a part hereof by this reference.

CONDO RIDER ATTACHED HERE TO AND BY THIS REFERENCE HEREBY MADE PART OF

Tax Parcel Number:_____ 444-36-93 _____ together with all
insurance and condemnation proceeds related to it; all plumbing, lighting, air conditioning and
heating apparatus and equipment; and all fencing, blinds, drapes, floor coverings, built-in
appliances and other fixtures at any time installed on or in or used in connection with such real
property. All of the property described above will be called the "Property." As used herein

4360 (10/21/04) WB.1                          BANK                          Page 1 of 7

"State" shall refer to the state of California.

2. **Obligation Secured.** This Deed of Trust is given to secure performance of each promise of Trustor contained herein and in a Home Equity Line of Credit Agreement and Disclosure with Beneficiary of even date herewith with a maximum credit limit of ___$57,000.00___ the ("Credit Agreement"), including any extensions, renewals or modifications thereof, and repayment of all sums borrowed by Trustor under the Credit Agreement, with interest from the date of each advance until paid at the rates provided therein. The Credit Agreement provides for variable and fixed rates of interest. Under the Credit Agreement, the Trustor may borrow, repay and re-borrow from time to time, up to the maximum credit limit stated above, and all such advances shall be secured by the lien of this Deed of Trust. This Deed of Trust also secures payment of certain fees and charges payable by Trustor under the Credit Agreement, certain fees and costs of Beneficiary as provided in Section 9 of this Deed of Trust, and repayment of money advanced by Beneficiary to protect the Property or Beneficiary's interest in the Property, including advances made pursuant to Section 6 below. The Credit Agreement provides that unless sooner repaid, all amounts due under the Credit Agreement are due and payable in full thirty (30) years from the date of this Deed of Trust (the "Maturity Date"). All amounts due under the Credit Agreement and this Deed of Trust are called the "Debt".

3. **Representations of Trustor.** Trustor represents that:

   (a) Trustor is the owner of the Property, which is unencumbered except by: easements, reservations, and restrictions of record not inconsistent with the intended use of the Property and any existing first mortgage or deed of trust given in good faith and for value, the existence of which has been disclosed in writing to Beneficiary; and

   (b) The Property is not presently and will not during the term of this Deed of Trust be used for any agricultural purposes.

4. **Promises of Trustor.** Trustor promises:

   (a) To keep the Property in good repair and not to remove, alter or demolish any of the improvements on the Property, without first obtaining Beneficiary's written consent;

   (b) To allow representatives of Beneficiary to inspect the Property at any reasonable hour, and to comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the Property;

   (c) To pay on time all lawful taxes and assessments on the Property;

   (d) To perform on time all terms, covenants and conditions of any prior mortgage or deed of trust covering the Property or any part of it and pay all amounts due and owing thereunder in a timely manner;

   (e) To see to it that this Deed of Trust remains a valid lien on the Property superior to all liens except those described in Section 3(a), and to keep the Property free of all encumbrances which may impair Beneficiary's security;

   (f) To keep the improvements on the Property insured by a company satisfactory to Beneficiary against fire and extended coverage perils, and against such other risks as Beneficiary may reasonably require, in an amount equal to the full insurable value of the improvements, and to deliver evidence of such insurance coverage to Beneficiary. Subject to the rights of the holder of any lien described in 3(a), Beneficiary shall be named as the loss payee on all such policies pursuant to a standard lender's loss payable clause. The amount collected under any insurance policy shall be applied to the repair of such improvements, unless doing so would impair Beneficiary's security, in which event such proceeds may be applied upon any indebtedness hereby secured. In the event of foreclosure or sale of the Property pursuant to the Trustee's power of sale, all rights of the Trustor in insurance policies then in force shall pass to the purchaser at the Sheriff's or Trustee's sale.

Case: 10-48432   Doc# 28   Filed: 09/10/10   Entered: 09/13/10 13:19:11   Page 22 of 30
Order: Non-Order Search   Doc: CAALAM:2005 00462323   Page 22 of 30   Created By: genniea   Printed: 8/21/2010 7:40:33 AM PST

(g) To sign all financing statements and other documents that Beneficiary may request from time to time to perfect, protect and continue Beneficiary's security interest in the Property. Trustor irrevocably appoints Beneficiary as Grantor's attorney-in-fact to execute, file and record any financing statements or similar documents in Trustor's name and to execute all documents necessary to transfer title if there is a default; and

(h) To advise Beneficiary immediately in writing of any change in Trustor's name, address or employment.

5. **Sale, Transfer or Further Encumbrance of Property.** Subject to applicable law, the entire Debt shall become immediately due and payable in full upon sale or other transfer of the Property or any interest therein by Trustor by contract of sale or otherwise including, without limit, any further encumbrance of the Property.

6. **Curing of Defaults.** If Trustor fails to comply with any of the covenants in Section 4, including all the terms of any prior mortgage or deed of trust, Beneficiary may take any action required to comply with any such covenants without waiving any other right or remedy it may have for Trustor's failure to comply. Repayment to Beneficiary of all the money spent by Beneficiary on behalf of Trustor shall be secured by this Deed of Trust; at Beneficiaries option, advance may be made against the Credit Agreement to pay amounts due hereunder; such shall not relieve Beneficiary from liability for failure to fulfill the covenants in Section 4. The amount spent shall bear interest at the rates from time to time applicable under the Credit Agreement and be repayable by Trustor on demand. Although Beneficiary may take action under this paragraph, Beneficiary is not obligated to do so.

7. **Remedies For Default.**

(a) Prompt performance under this Deed of Trust is essential. If Trustor does not pay any installment of the Debt or other amount due hereunder on time, or any other event occurs that entitles Beneficiary to declare the unpaid balance of the Debt due and payable in full under the Credit Agreement, or if Trustor fails to comply with any other term, condition, obligation or covenant contained in the Credit Agreement or this Deed of Trust or any rider thereto, or any other deed of trust, mortgage, trust indenture or security agreement or other instrument having priority over this Deed of Trust, or if any representation of Trustor herein was false or misleading, the Debt and any other money whose repayment is secured by this Deed of Trust shall immediately become due and payable in full, at the option of Beneficiary, and the total amount owed by Trustor shall thereafter bear interest at the rate(s) stated in the Credit Agreement. Beneficiary may then or thereafter advise Trustee of the default and of Beneficiary's election to have the Property sold pursuant to Trustee's power of sale in accordance with applicable law and deliver to Trustee any documentation as may be required by law. After giving any notices and the time required by applicable law, Trustee shall sell the Property, either in whole or in separate parcels or other part, and in such order as Trustee may choose, at public auction to the highest bidder for cash in lawful money of the United States which will be payable at the time of sale all in accordance with applicable law. Anything in the preceding sentence to the contrary notwithstanding, Beneficiary may apply the Debt towards any bid at any such sale. Trustee may postpone any such sale by providing such notice as may be required by law. Unless prohibited by law, any person, including the Trustor, Beneficiary or Trustee, may purchase at any such sale. Trustee shall apply the proceeds of the sale as follows: (i) to the expenses of the sale, including a reasonable trustee's fee and lawyer's fee; (ii) to the obligations secured by this Deed of Trust; and, (iii) the surplus, if any, shall go to the person(s) legally entitled thereto.

(b) Trustee shall deliver to the purchaser at the sale its deed, without warranty, which

Order: Non-Order Search Doc: CAALAM:2005 00462323     Created By: genniea Printed: 8/21/2010 7:40:36 AM PST



Recording Requested By:
WASHINGTON MUTUAL BANK, FA

When Recorded Return To:
Current Trustor:
CEDRICK D MCMILLIAN
25125 SANTA CLARA ST STE E
HAYWARD, CA 945442164



2005521983     12/07/2005 11:45 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:          7.00



## SUBSTITUTION OF TRUSTEE

WASHINGTON MUTUAL - HOUSTON #:0684780152 "MCMILLIAN"
WHEREAS, the undersigned is the present Beneficiary under the Deed of Trust described below as follows:
Original Trustor : CEDRICK MCMILLIAN original Beneficiary: WASHINGTON MUTUAL BANK, FA Dated;
04/15/2005 Recorded: 10/26/2005 in Book/Reel/Liber; N/A Page/Folio: N/A as instrument No.: 2005462323 in the
County of Alameda and State of California.

AND WHEREAS , the undersigned desires to substitute a different Trustee for the purpose of reconveying said Deed
of TRUST; NOW THEREFORE the undersigned hereby substitutes CALIFORNIA RECONVEYANCE COMPANY as
Trustee under said Deed of Trust.

On December 1st, 2005
WASHINGTON MUTUAL BANK, F/K/A WASHINGTON MUTUAL BANK, FA

W L SALUDO, Assistant Secretary

STATE OF Texas
COUNTY OF Harris

Before me, the undersigned, a Notary Public, on this day personally appeared W L SALUDO, Assistant Secretary,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument. Given under my hand and seal of office, this day
December 1st, 2005.

WITNESS my hand and official seal,

Notary Expires: _____

MARYLYN MALVEAUX
Notary Public, State of Texas
My Commission Expires:
Febuary 05, 2008

(This area for notarial seal)

Prepared By: GENE DOUCET, WASHINGTON MUTUAL BANK, FA RELEASE/RECONVEYANCE DEPT, P O BOX 346,
HOUSTON, TX 77001-9850 1-800-788-7000

'OUT'OUTWAM*12/01/2005 6/25/57 AM' WAMHD1WAMH00000000000000000210312' QAALAME' 0684780152 QASTATE_1HU87_SUB 'LWB'LWBWAM*H'

rder: Non-Order Search  Doc: CAALAM:2005 00521983          Public Record          Created By: genniea   Printed: 8/21/2010 7:42:09 AM PST



Recording Requested By:
WASHINGTON MUTUAL BANK, FA

When Recorded Return To:
Current Trustor:
CEDRICK D MCMILLIAN
25125 SANTA CLARA ST STE E
HAYWARD, CA 945442164



2005521984    12/07/2005 A:45 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:    9 00

1    PG

**FULL RECONVEYANCE**

WASHINGTON MUTUAL - HOUSTON #:0664780152 "MCMILLIAN" Alameda, California
CALIFORNIA RECONVEYANCE COMPANY as present Trustee for the Deed of Trust executed by CEDRICK MCMILLIAN as Trustor(s), Dated: 04/15/2005 Recorded: 10/28/2005 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 2005482323 of official Records in the office of the County Recorder of Alameda, California having been requested in writing, by the holder of the obligations secured by said Deed of Trust, to reconvey the estate granted to trustee under said Deed of Trust, does hereby reconvey to the person or persons legally entitled thereto, without warranty, all the estate, title and interest acquired by Trustee under said Deed of Trust.

IN WITNESS WHEREOF, CALIFORNIA RECONVEYANCE COMPANY as the Trustee has caused its corporate name to be affixed by a duly authorized officer on the date shown in the acknowledgment certificate below:

On December 1st, 2005
By: CALIFORNIA RECONVEYANCE COMPANY as Trustee

W L SALUDO , ASSISTANT SECRETARY

STATE OF Texas
COUNTY OF Harris

Before me, the undersigned, a Notary Public, on this day personally appeared W L SALUDO , ASSISTANT SECRETARY, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. Given under my hand and seal of office, this day December 1st, 2005.

WITNESS my hand and official seal,

Notary Expires:

MARLYN MALVEAUX
Notary Public, State of Texas
My Commission Expires
February 08, 2006

(This area for notarial seal)

Prepared By: GENE DOUCET, WASHINGTON MUTUAL BANK, FA RELEASE/RECONVEYANCE DEPT, P O BOX 346, HOUSTON, TX 77001-9850 1-800-788-7000

"OUT*OU*WAMH*12/01/2005 07:52:58 AM* WAMHO1WAMH000000000000000210312* CAALAME* 0664780152 CASTATE_TRUST_REL *LWS*LWSWAMH*

Order: Non-Order Search Doc: CAALAM:2005 00521984                    Public Record                    Created By: genniea    Printed: 8/21/2010 7:43:03 AM PST

Submitted for recordation by, and when recorded,
return to:

**Bank of America** 🦅

Recording requested by: LSI
When recorded return to :
**Custom Recording Solutions**
2550 N. Redhill Ave.
Santa Ana, CA. 92705
800-756-3524 ext. 5011
Loan #: 3186824013938559
Reference # 010102-0532616A1490



2005550773  12/29/2005 11:36 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:     15.00

                                    3    PGS

## SHORT FORM DEED OF TRUST
### (EQUITY MAXIMIZER® ACCOUNT)

This Deed of Trust is made on __8th December, 2005__ by_____
LEON FAUNTLEROY, JR., AND CHANTAINE FAUNTLEROY, WHO ARE MARRIED TO
EACH OTHER WHO ACQUIRED TITLE AS LEROY FAUNTLEROY


(collectively and individually "Trustor"), PRLAP, INC, ("Trustee") and the beneficiary, Bank of America, N.A. ("Bank").
Trustee is a subsidiary of Bank. Any non-titleholder signs below as Trustor solely for the purpose of subjecting any
community property interest in the property described below to this Deed of Trust. The words "I," "me," and "my"
in this Deed of Trust refer to the Trustor, whether one or more.
Bank and I agree:
1.  **Property Security.** For the purpose of securing the obligations described below, I irrevocably grant, convey,
transfer and assign to Trustee, in trust with power of sale, the property located in_____
_ALAMEDA_____County, California described as follows:

SEE SCHEDULE "A" ATTACHED HERETO AND MADE A PART HEREOF:
  exhibit




with the street address:__24849 ALDERBERRY PL, HAYWARD, CA 94544_____
and with Parcel No.4144-0036-093_____ and including all improvements and fixtures now or later
erected on the property, and all easements, rights, appurtenances and fixtures now or later a part of or related to
the above described property (collectively the "Property").
2.  **This Deed of Trust secures :**
  • All obligations of the borrowers in the Equity Maximizer Agreement and Disclosure, dated __12/08/05_____
_____and naming __LEON FAUNTLEROY, JR. AND CHANTAINE FAUNTLEROY_____
_____ as borrowers, for
a revolving line of credit account (the "Agreement"), as well as any modifications and renewals of the Agreement.
The Agreement provides for a Total Credit Commitment (as defined in the Agreement) of $ 150,000.00_____,
allows for repeated credit advances drawn against the Total Credit Commitment, and provides for a variable interest
rate. By mutual agreement, Bank may increase the Total Credit Commitment ("Increased Credit Commitment"); and
  • Trustor's performance of each obligation in this Deed of Trust.

CLS-776-1-CA/0009  5-04                         Page 1 of 2                         Bank of America

Case: 10-48432   Doc# 28   Filed: 09/10/10   Entered: 09/13/10 13:19:11   Page 26 of
Order: Non-Order Search Doc: CAALAM:2005 00550773   Public Record   Created By: genniea  Printed: 8/21/2010 7:44:09 AM PST

This Deed of Trust will not secure borrowers' obligations under the Agreement in excess of the Total Credit Commitment or Increased Credit Commitment, except for any amounts due to: (a) unpaid interest, or (b) expenses that Bank incurs because obligations of a borrower under the Agreement are not fulfilled (including without limitation, any advances that Bank makes to perform borrowers' duties to pay taxes, insurance, etc.).

**To Protect the Security of this Deed of Trust, I Agree:** By the execution and delivery of this Deed of Trust and the Equity Maximizer Agreement and Disclosure secured hereby, that provisions (3) to (20), inclusive of the fictitious deed of trust recorded in ___ALAMEDA_____ County, _09/13/99_____, as Instrument ___99348863_____ in Book/Reel and at Page/Image _____ of the Official Records of the County Recorder of that county, (which provisions, identical in all counties, are printed on the following pages) hereby are adopted and incorporated herein and made a part hereof as though set forth at length; and I will observe and perform such provisions; and that the reference to Property, obligations, and parties in such provisions shall be construed to refer to the Property, obligations, and parties set forth in this Deed of Trust.

Trustor requests that a copy of ANY NOTICE OF DEFAULT AND ANY NOTICE OF SALE under this Deed of Trust be mailed to Trustor at the Trustor's address shown below, or if no address is shown, then at the address of the Property.

Signature

_Leon Fauntleroy Jr._
LEON FAUNTLEROY, JR.

_Chantaine Fauntleroy_
CHANTAINE FAUNTLEROY

Mailing Address for Notices:
Street      City and State

24849 ALDERBERRY PLACE HAYWARD, CA 94544

---

## GENERAL ACKNOWLEDGMENT

State of California

County of ___Sacramento_____

On __12-08-05___ before me _Laurie A Wright_____, personally appeared ____Leon Fauntleroy JR and Chantaine Fauntleroy_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature ___Laurie H Wright_____ (SEAL)

> LAURIE A. WRIGHT
> Commission # 1547908
> Notary Public • California
> Sacramento County
> My Comm. Expires Jan 28, 2009

Comm exp 1/28/09

CLS-776-2-CA/0000   5-04      Page 2 of 2      Bank of America



2005553246  12/30/2005 12:00 PM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:  7 00

Recording Requested By:
GMAC MORTGAGE CORPORATION

When Recorded Return To:
Current Trustor:
LEON FAUNTLEROY JR
24849 ALDERBERRY PLACE
HAYWARD, CA 94544

## SUBSTITUTION OF TRUSTEE

GMAC Mortgage Corp - Consumer #:8250206815 "FAUNTLEROY JR" Lender ID:8104#/8250206815  Alameda, California PIF:
12/14/2005
MERS #: 100069782500206010  VRU #: 1-888-679-0377

Prepared By:  Gina Herman  GMAC MORTGAGE CORPORATION 3451 HAMMOND AVENUE, PO BOX 780, WATERLOO, IA
50704-0780 319-236-8400

WHEREAS, the undersigned is the present Beneficiary under the Deed of Trust described below as follows:
Original Trustor : LEON FAUNTLEROY JR AND CHANTAINE FAUNTLEROY Original Beneficiary: MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") Dated: 10/18/2005 Recorded: 10/25/2005 as
Instrument No.: 2005456281 in the County of Alameda and State of California.

AND WHEREAS , the undersigned desires to substitute a different Trustee for the purpose of reconveying said Deed
of TRUST; NOW THEREFORE the undersigned hereby substitutes EXECUTIVE TRUSTEE SERVICES, INC, as
Trustee under said Deed of Trust.

On December 27th, 2005
Mortgage Electronic Registration Systems, Inc. ("MERS")

JANICE BURT, Assistant Secretary

STATE OF Iowa
COUNTY OF Black Hawk

On December 27th, 2005, before me, M. CLARK, a Notary Public in and for Black Hawk in the State of Iowa,
personally appeared JANICE BURT, Assistant Secretary, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal,

M. CLARK
Notary Expires: 05/17/2007  #728505

M. CLARK
NOTARIAL SEAL - STATE OF IOWA
COMMISSION NUMBER 728505
MY COMMISSION EXPIRES MAY 17, 2007

(This area for notarial seal)

"GCH"GCHGMAC"12/27/2005 01:08:02 PM" GMAC22GMAC00000000C00000000210:" CAALAMC" 8250206815 CASTATE_TRUST_SUB "GCH"GCHGMAC"

Case: 10-48432   Doc# 28   Filed: 09/10/10   Entered: 09/13/10 13:19:11   Page 28 of
Order: Non-Order Search  Doc: CAALAM:2005 00553246       Public Record       Created By: genniea   Printed: 8/21/2010 7:45:31 AM PST

Recording Requested By:
GMAC MORTGAGE CORPORATION

When Recorded Return To:
Current Trustor:
LEON FAUNTLEROY JR
24849 ALDERBERRY PLACE
HAYWARD, CA 94544



2005553247 12/30/2005 2:00 PM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE: 9.00

1    PG

**FULL RECONVEYANCE**

GMAC Mortgage Corp - Consumer #:8250206615 *FAUNTLEROY JR* Lender ID:61044/8250206615   Alameda, California PIF: 12/14/2005
MERS #: 100069782500206619  VRU #: 1-888-679-6377

**Prepared By:** Gina Herman , GMAC MORTGAGE CORPORATION 3451 HAMMOND AVENUE, PO BOX 780, WATERLOO, IA 50704-0780 319-236-5400

EXECUTIVE TRUSTEE SERVICES, INC. as present Trustee for the Deed of Trust executed by LEON FAUNTLEROY JR AND CHANTAINE FAUNTLEROY as Trustor(s), Dated: 10/25/2005 as Instrument No.: 2005458281 of official Records in the office of the County Recorder of Alameda, California having been requested in writing, by the holder of the obligations secured by said Deed of Trust, to reconvey the estate granted to trustee under said Deed of Trust, does hereby reconvey to the person or persons legally entitled thereto, without warranty, all the estate, title and interest acquired by Trustee under said Deed of Trust.

IN WITNESS WHEREOF, EXECUTIVE TRUSTEE SERVICES, INC. as the Trustee has caused its corporate name to be affixed by a duly authorized officer on the date shown in the acknowledgment certificate below:

On December 27th, 2005
By: EXECUTIVE TRUSTEE SERVICES, INC. as Trustee

MARY ANN HILMER , ASSISTANT SECRETARY

STATE OF Iowa
COUNTY OF Black Hawk

On December 27th, 2005, before me, M. CLARK, a Notary Public in and for Black Hawk in the State of Iowa, personally appeared MARY ANN HILMER , ASSISTANT SECRETARY, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

M. CLARK
Notary Expires: 05/17/2007  #728505

M. CLARK
NOTARIAL SEAL - STATE OF IOWA
COMMISSION NUMBER 728505
MY COMMISSION EXPIRES MAY 17, 2007

(This area for notarial seal)

*GCH*GCHGMAC*12/27/2005 07:06:02 PM* GMAC22GMAC0000000000000000000202181* CAALAM#* 8250206615 CASTATE_TRUST_REL *GCH*GCHGMAC*

Order: Non-Order Search Doc: CAALAM:2005 00553247        Public Record        Created By: genniea  Printed: 8/21/2010 7:46:28 AM PST

RECORDING REQUESTED BY:



2008166542   05/22/2008 11:19 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:        14.00

2   PGS

FIRST AMERICAN TITLE INSURANCE

WHEN RECORDED MAIL TO:
Executive Trustee Services, LLC dba ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

TS No. : GM-143249-C     Loan No.: 0588761601

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE
### IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,
and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $13,227.38 as of 5/21/2008, and will increase until your account becomes current.  While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to  make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.
C/O Executive Trustee Services, LLC dba ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
(818) 260-1600 phone

Order: Non-Order Search  Doc: CAALAM:2008 00166542                Public Record                    Created By: genniea  Printed: 8/21/2010 7:48:30 AM PST
Page 30 of